# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 1, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS L. ELTRINGHAM,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0870** (BOR Appeal No. 2049217)
(Claim No. 2011009961)

**WEST VIRGINIA NORTHERN COMMUNITY COLLEGE-BOR,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas L. Eltringham, by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Northern Community College, by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 6, 2014, in which the Board affirmed a January 28, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 4, 2012, decision granting Mr. Eltringham a 5% permanent partial disability award.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] In its decision, the Board of Review incorrectly states that the claims administrator granted a 4% permanent partial disability award. This appears to be a typographical error as the claims administrator granted a 5% award based on the report of Victoria Langa, M.D., in which she assessed 5% impairment.

1

Mr. Eltringham, a maintenance worker, was injured on September 13, 2010, when he fell while weed eating a hillside. The claim was held compensable for carpal tunnel syndrome; brachial neuritis/radiculopathy; and sprain/strain of the wrist, shoulder/arm, and neck. Three independent medical evaluations were performed in order to determine the amount of permanent impairment Mr. Eltringham sustained as a result of the compensable injury. On July 23, 2012, Victoria Langa, M.D., noted in her evaluation that there is nothing in the record to indicate that a right elbow injury was ever accepted as a compensable component of the claim. She assessed no cervical impairment based on Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and 4% impairment for range of motion loss. She placed him in Cervical Category II of West Virginia Code of State Rules § 85-20-E (2006), and adjusted the impairment rating to 5%. She assessed 0% impairment for the shoulders, wrists, and carpal tunnel syndrome.

A second independent medical evaluation was performed by Bruce Guberman, M.D., on January 31, 2013. Dr. Guberman diagnosed acute and chronic post-traumatic right elbow strain. He assessed 5% cervical spine impairment and placed Mr. Eltringham in Cervical Category II. For the right upper extremity, he assessed 7% whole person impairment. This assessment included 1% impairment for the right elbow. He assessed 4% left arm impairment. He combined the 5% for the cervical spine, 7% for the right arm, and 4% for the left arm for a total impairment of 15%. He also noted that he found 12% whole person impairment for carpal tunnel syndrome.

Christopher Martin, M.D., performed an independent medical evaluation on October 16, 2013. He noted that he was unable to find any evidence in the medical record indicating that the right elbow is a compensable component of the claim. He found no impairment under Table 75 of the American Medical Association's *Guides.* He assessed 5% cervical spine impairment and placed Mr. Eltringham in Cervical Category II. He found no shoulder, wrist, or carpal tunnel syndrome impairment. He opined that even if the right elbow was compensable, Mr. Eltringham found normal range of motion in it. His total impairment recommendation was therefore 5%, and he stated that he fully concurred with Dr. Langa's findings. In regard to Dr. Guberman's report, Dr. Martin stated that Dr. Guberman provided two separate impairment ratings for carpal tunnel syndrome using two different methods. He did not state which impairment he recommended of the two or how they were to be combined. The American Medical Association's *Guides* clearly states that only one method of evaluation should be used. Dr. Martin also stated that it was odd that Dr. Guberman made identical assessments for right and left carpal tunnel syndrome given that Mr. Eltringham reported no symptoms in the left hand. Finally, Dr. Martin noted that Dr. Guberman assessed 2% upper extremity impairment for loss of range of motion in the right elbow even though the right elbow is not a compensable component of the claim. He stated that Mr. Eltringham did not report right elbow range of motion limitations, and neither Dr. Martin nor Dr. Langa found such limitations.

The claims administrator granted Mr. Eltringham a 5% permanent partial disability award on September 4, 2012. On January 28, 2014, the Office of Judges affirmed the decision. It found that Drs. Langa, Martin, and Guberman all assessed 5% cervical spine impairment. Dr. Guberman's total impairment rating was found to be suspect considering that he included neural deficit for carpal tunnel syndrome in his upper extremity ratings for both arms. Furthermore, he

included a rating for the right elbow, a non-compensable condition. The Office of Judges stated that Dr. Guberman was the only physician of record to find any upper extremity impairment, and Mr. Eltringham had normal range of motion in the upper extremities in both Dr. Langa's and Dr. Martin's evaluations. The Office of Judges determined that Dr. Martin did not give an impairment rating for carpal tunnel syndrome because Mr. Eltringham's symptoms were in areas of the hands not innervated by the median nerve and carpal tunnel syndrome is the result of median nerve compression. Dr. Langa likewise found that he had some symptoms related to the ulnar nerve, but the claim was not compensable for ulnar nerve disorders. The Office of Judges concluded that Dr. Guberman's rating was not reliable because his results could not be duplicated and because he rated the right elbow, a non-compensable condition. It was also unclear from his report how much impairment he recommended for carpal tunnel syndrome. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 6, 2014.

On appeal, Mr. Eltringham argues that Dr. Guberman's report was disregarded without a valid explanation. He also asserts that the Office of Judges incorrectly stated that the right elbow has not been held compensable. He argues that it is included in the compensable diagnoses of sprain/strain of the shoulder/arm, brachial neuritis/radiculitis, and carpal tunnel syndrome. West Virginia Northern Community College asserts that Dr. Guberman's report was correctly found to be invalid because his results were unreproducible and he rated a non-compensable body part.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Dr. Guberman's impairment recommendations were well outside of those found by Drs. Martin and Langa. Dr. Guberman was the only physician to find impairment for anything other than the cervical spine. He incorrectly used two methods of assessing carpal tunnel syndrome impairment and then failed to specify which impairment rating he recommended. He also incorrectly included impairment for the right elbow, a non-compensable condition, in his rating. The Office of Judges was well within its right to find that his recommendation was unreliable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II